IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMAL H. TERRY, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 12-977-RGA |
| CINDY FINNY, | : | |
| Defendant. | : | |

Jamal H. Terry, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

October 18, 2012
Wilmington, Delaware

*[signature]*
**ANDREWS, U.S. District Judge:**

Plaintiff Jamal H. Terry filed this action (D.I. 2) pursuant to 28 U.S.C. § 509B, a non-existent statute, for violations of human rights under the Nuremberg Code. He also alleges religious and racial discrimination. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4.) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

This Court must dismiss certain *in forma pauperis* actions that are frivolous, malicious, or fail to state a claim. *See* 28 U.S.C. § 1915(e)(2). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28. Because Plaintiff proceeds *pro se*, the pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

The named defendant is Cindy Finny, a family friend. The instant Complaint is filed on a form, but it contains no written allegations. In response to the statement on the form complaint, "Defendant's conduct is discriminatory with respect to the following," Plaintiff checked race, color, sex, religion, and national origin. (*See* D.I. 2 ¶ 10)

Given the paucity of the allegations -  indeed, there are none, and that there exists no federal no cause of action for discrimination committed by a friend of the family - the Court finds that the Complaint is frivolous.

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  Amendment is futile.

An appropriate order will be entered.